UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br>CISSE,<br><br>              Debtor.<br>_____<br><br>MAMADY CISSE,<br>              Appellant,<br>v.<br>THOMAS BILLINGSLEA; DEUTSCHE BANK NATIONAL TRUST COMPANY,<br>              Appellees. | Case No.: 23-CV-1781-JO-JLB<br><br>**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND TO SHOW CAUSE** |

On September 27, 2023, *pro se* Appellant Mamady Cisse filed a bankruptcy appeal in this Court. Dkt. 1. That same day, Appellant filed a notice of appeal in the bankruptcy court. (Bankr. No. 23-01527, Dkt. 70). However, Appellant has neither filed a designation of the items to be included in the record on appeal nor a statement of the issues to be presented with the bankruptcy court as required under Federal Rule of Bankruptcy Procedure 8009. In addition, on December 6, 2023, Appellant filed an amended motion to proceed *in forma pauperis* ("IFP"). Dkt. 7. For the reasons set forth below, the IFP motion

1

is GRANTED and the Court ORDERS Appellant to show cause why his appeal should not be dismissed for failure to comply with Federal Rule of Bankruptcy Procedure 8009.

## I.  DISCUSSION

### A. Motion to Proceed IFP

Appellant has not prepaid the civil filing fee and instead has requested to proceed IFP. Dkt. 7. A claimant instituting an appeal in a federal district court must pay a filing fee of $405. 28 U.S.C. § 1914(a); Local Civ. R. 4.5. However, a district court may waive the filing fee by granting the claimant leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a claimant must submit an affidavit that includes a statement of all assets and demonstrates an inability to pay the filing fee. 28 U.S.C. § 1915(a); *see also* Local Civ. R. 3.2. An affidavit is "sufficient where it alleges that the [appellant] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, No. 19-1812, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

In support of his IFP motion, Appellant has filed an affidavit explaining his financial circumstances and inability to pay. Dkt. 7. He indicates that he relies on CalFresh to pay for food and that he has a deficit of $760 in his Chase Bank account. *Id.* at 2. In addition, Appellant's monthly expenses exceed his monthly income by more than $2,000. *Id.* at 3, 5. Finally, Appellant faces financial hardship in caring for his ailing and disabled mother. *Id.* at 5. The Court finds that the affidavit has "sufficiently show[n] that he lacks the financial resources to pay filing fees." *Dillard v. So*, No. 12-2958, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013). Accordingly, the Court GRANTS Appellant's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

### B. *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Because Appellant is granted leave to proceed IFP, his Notice of Appeal must undergo a *sua sponte* screening for dismissal. An "appeal" filed by any person proceeding

IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

In performing its screening duty, the Court must determine whether Appellant has filed the necessary documents in bankruptcy court to "perfect" his appeal and allow this Court to proceed. A bankruptcy appellant has "the responsibility to file an adequate record." *In re Abrams*, 229 B.R. 784, 789 (B.A.P. 9th Cir. 1999). To start the appeal process, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002. After the appellant's notice of appeal becomes effective, the appellant has fourteen days to file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a). "The record on appeal must include the following: docket entries kept by the bankruptcy clerk; items designated by the parties; [and] . . . any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4). Once the record is complete, the bankruptcy clerk transmits "either the record or a notice that the record is available electronically" to the district court. Fed. R. Bankr. P. 8010(b)(1). An appellant's failure to comply with these requirements can be grounds for the district court to dismiss the appeal. Fed. R. Bankr. P. 8003(a).

Here, Appellant has not perfected his appeal as required by Federal Rule of Bankruptcy Procedure 8009. Appellant filed his notice of appeal in the bankruptcy court on September 27, 2023 but failed to file (1) a designation of the items to be included in the record on appeal and (2) a statement of the issues to be presented. *See* Fed. R. Bankr. P. 8009(a). These were due on October 11, 2023, but, to date, Appellant has not filed either item. As a result, on December 5, 2023, the clerk of the bankruptcy court filed

notice with the Court that Appellant had not complied with this requirement and that his appeal remained unperfected. Dkt. 6.

Given this deficiency, the Court **ORDERS** Appellant to show cause as to why this appeal should not be dismissed for lack of prosecution and failure to comply with the Federal Rules of Bankruptcy Procedure. He has until **February 21, 2024** to file his response. Appellant may show adequate cause by perfecting the appeal and taking all necessary steps to ensure the Court receives an adequate record for his appeal by February 21, 2024. The Court cautions Appellant that failure to either show adequate cause or perfect his appeal by February 21, 2024 will result in dismissal of this appeal. *See, e.g.*, Fed. R. Bankr. P. 8003(a)(2), 8020(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *see also In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal).

## II.   CONCLUSION

For the reasons set forth above, the Court GRANTS Appellant's motion to proceed IFP and ORDERS Appellant to show cause why his bankruptcy appeal should not be dismissed for lack of prosecution and failing to comply with the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED.**

Dated:   January 31, 2024

Hon. Jinsook Ohta
United States District Judge